UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC.,

            Plaintiff,

    -against-

NELSON S. GUNCAY, individually and
d/b/a/ Las Orillas De Gualaceo; and LAS
ORILLAS DE GUALACEO, INC., an
unknown business entity d/b/a Las
Orillas de Gualaceo,

            Defendants.

--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 18-CV-2097-FB-RML

*Appearance for the Plaintiff*:
ROBERT B. HUNTER, ESQ.
Law Offices of M.L. Zager, P.C.
461 Broadway, P.O. Box 948
Monticello, New York 12701

**BLOCK, Senior District Judge:**

      Plaintiff J & J Sports Productions, Inc. seeks from Defendant Las Orillas de

Gualaceo and Defendant Nelson S. Guncay an award of attorney's fees and costs

pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the fee-shifting provision of the Federal

Communications Act of 1934 (the "FCA").  The Court denies the plaintiff's motion

in part and grants it in part.

1

# I.       Procedural History

The plaintiff is a California corporation that was granted the exclusive distribution rights to the telecast of "'The Fight of the Century' Floyd Mayweather Jr. v. Manny Pacquiao WBA World Welterweight Championship Fight Program." (Compl. ¶ 16.).  Las Orillas de Gualaceo is a commercial establishment in Queens, New York, that streamed that program without the plaintiff's permission.  Guncay is its owner.  On December 3, 2018, the Court issued a Memorandum and Order adopting Magistrate Judge Robert M. Levy's Report and Recommendation.  The Court thereby awarded the plaintiff damages and gave the corporation leave to file a separate motion for attorney's fees and costs within thirty days.  The plaintiff filed such a motion on January 3, 2019, requesting $2,110.00 in attorney's fees and $1,239.50 in costs.

# II.      Attorney's Fees and Costs

The FCA's fee-shifting clause provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).  To receive attorney's fees, the prevailing party must submit contemporaneous time records "specifying, for each attorney, the date, the hours expended, and the nature of the work done." *J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 475 (E.D.N.Y. 2009).  Other documentation may support attorney's fee requests if they are prepared from

contemporaneous time records. *Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17 CV 01870 (MKB), 2017 WL 6611705, at *10 (E.D.N.Y. Nov. 3, 2017). With few, rare exceptions, the failure to provide contemporaneous time records will result in a denial of fees. *Scott v. City of New York*, 626 F.3d 130, 134 (2d Cir. 2010) ("[W]e can imagine rare circumstances where an award of fees might be warranted even in the total absence of contemporaneous records—such as where the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application.").

Courts may, but need not, award investigative costs to prevailing parties. *Garden City Boxing Club, Inc. v. Perez*, No. 05CV3713(FB)(CLP), 2006 WL 2265039, at *9 (E.D.N.Y. Aug. 8, 2006). But "the party requesting investigative costs must 'supply contemporaneous time records to substantiate the fee request,' as 'a request for investigative fees pursuant to § 605(e)(3)(B)(iii) should be subject to the same level of scrutiny to which requests for attorneys' fees are subjected.'" *Id.* (quoting *Int'l Cablevision, Inc. v. Noel*, 982 F. Supp. 904, 917–18 (W.D.N.Y. 1997)).

Here, the plaintiff's counsel has failed to submit contemporaneous time records or other documentation based on contemporaneous time records. Instead, counsel has provided a chart with a summary of legal services performed, who performed those services, and for how long. The plaintiff's counsel concedes that this chart was reconstructed by review of the files themselves, not

3

contemporaneously. Accordingly, the Court denies the plaintiff's request for attorney's fees. As courts in this district have warned before, counsel would do well to maintain contemporaneous records in the future. *See Joe Hand Promotions, Inc. v. Kings Point Rest., Inc.*, No. 17 CV 01870 (MKB), 2017 WL 6611705, at *10 (E.D.N.Y. Nov. 3, 2017).

The Court also denies the plaintiff's request for investigative fees. The plaintiff included only an invoice from the investigator stating that the total came to $670. It does not state how much time was spent, what the investigator's qualifications were, or why the investigator was entitled to that sum.

The Court, however, finding the filing and service fees to be reasonable, awards the plaintiff $569.50 in costs.

**SO ORDERED**.

/S/ Frederic Block\
FREDERIC BLOCK\
Senior United States District Judge

Brooklyn, New York\
April 26, 2019